JOHN W. CHICKERING *et al.*, Plaintiffs in Error, *v.* THOMAS H. FAILES *et al.*, Defendants in Error.

### ERROR TO COOK.

When a chancery case is remanded to the court below for further proceedings, amendments to the pleadings may be allowed and new evidence heard, so that justice may be done in the premises.

The court below is concluded by the legal principles announced, and by the directions of the Supreme Court.

If the judgment or decree of the court below is affirmed, the controversy is at an end.

Payment of taxes upon a quarter section of land, by the owner during his lifetime, and by his executors after his decease, for the requisite period, will complete the statutory bar and protect the holders in their title, although there has been a partition of the land among the heirs by a chancery proceeding, without mutual conveyances, as among the parties to the partition.

THIS is the same cause that was heretofore before this court, between the same parties, and which was reported in 26 Ill. 507.

By agreement of the parties, the record in that cause, and the abstract of the same, is made a part of this case, which shows the proceedings in the Cook Circuit Court, previous to the former appeal. The additional record shows the proceedings in that court subsequently.

The complainant, Chickering, and others, filed the remittitur from this court, of the cause, together with the opinion of the Supreme Court; and moved the court, in accordance with that decree and opinion, for an interlocutory decree, that the complainants redeem that portion of the mortgaged premises decided by the Supreme Court as being still subject to redemp-

tion; and also, to refer the cause to a master in chancery, to take an account of the amount due upon the mortgage thereon.

Thereupon, the solicitors for the defendants presented the petition of Thomas H. Failes, one of the defendants, for leave to file a supplemental answer, accompanied with the answer they proposed to file, together with the affidavits of their solicitors, in support thereof.

The supplemental or amended answer of defendant Failes, executor, states and sets out certain portions of the alleged will of David Lee, in order to show the investiture of title to all his real estate in his executors, as stated in the petition. The other facts stated, touching payments of taxes, and sale, and exclusive management, and care of the real estate, by Halsted and Failes, as executors, and by Failes ever since Halsted's decease, are all set forth. That Halsted died before answer filed, and the conduct of the defense has devolved wholly on Failes. That the will of Lee was recorded in Cook county, from an exemplified copy sent from New York, in November, 1856.

That the taxes in Chicago were paid by Lee, or on his procurement, down to the time of his decease, and ever since by his executors and trustees under the will.

The answer is sworn to, and accompanied the petition.

To the allowance of this petition, the complainants objected.

But after argument, the court overruled the complainants' aforesaid motion for an interlocutory decree, and reference to a master, and allowed the motion of defendant Failes, to which order the complainant excepted; and the supplemental answer of defendant Failes was filed.

And the complainants, Chickering *et al.*, thereupon filed their exceptions and replication thereto.

Thereupon the cause came up for hearing, upon the same evidence produced at the former hearing, and appearing in the former record; together with a certain document, purporting to be the last will and testament of David Lee; to which, when presented, the complainants objected, and when admitted by the court, excepted.

The complainants, Chickering *et al.*, then called the atten-

tion of the court to a portion of the former evidence in the cause, to wit:

The proceedings in the Cook County Court of Common Pleas, in a cause in chancery, for partition of the south-west quarter of Section No. 20, in Town. 39 north, Range 14 east, to which the widow, executors, including the defendant Failes, and the children, heirs at law, of David Lee, deceased, the same being all the defendants in this cause, were parties; the widow appearing and answering by her attorney, who figures as the agent for the executors.

In which action, after reciting in the decree that David Lee, in his lifetime, was seized of one-half the premises in controversy, and that he had died on or about the first day of January, A. D. 1853, leaving his widow and heirs as above, having previously made his last will and testament, appointing the defendants, Thomas H. Failes and Caleb O. Halsted, his executors, and the guardians of such of his children as were under age.

And the bill of complaint having been taken as confessed by all the defendants, except Ann D. Lee, widow, who appeared by her attorney and solicitor, and answered, and also, Josephine L. Lee, David B. Lee, and Mary E. Lee, infants, who answered by their guardian *ad litem*, claiming their interest in the premises, and the report of the commissioners having been presented and confirmed.

Upon the 14th day of July, A. D. 1854, the said Cook County Court of Common Pleas ordered, adjudged and decreed, that Anna D. Lee, Abbie M. Murray, wife of Augustus Murray, Josephine L. Lee, David B. Lee, and Mary E. Lee, were entitled to blocks Nos. 1, 3, 5, 7, 9, 11, 13, and 15, in the south-west quarter of Section 20, Town. 39 north, Range 14 east of third principal meridian, and that they and their respective heirs and assigns hold the same in severalty, "free and clear of all right, interest, claim or demand, whatsoever, of or from the other parties, or any or either of them," in that suit, as the same were designated on the plat of the subdivision of the tract of land accompanying the commissioners' report; subject to the life estate of Anna D. Lee, one of the

defendants, as and for her dower, as the wife of David Lee; and that the heirs of David Lee pay one-half the costs of that suit.

Thereupon, the court made a final decree, dismissing complainants' bill, for which decree they prayed an appeal to this court, which was allowed, and this appeal is now here, by agreement of both parties.

The assignment of errors questions the action of the court below, in allowing the amendment of the pleadings, thus permitted to the defendant Failes, and also admitting further evidence in support thereof, in the then state of the cause, thus making a new case, and one contradictory to that made by the original answers, both of himself and his co-defendants, and that after a hearing, and a final decree by this court, upon the entire case, (wherein such final decree closes the proofs against the complainants, and fixes the status of a part of the property involved,) and this, in favor of a plea of the statute of limitations, which, both at law and in equity, has been invariably decided not to be a meritorious defense, and one not to be favored.

Thereby also contravening the former decision of this court, that the complainants had a right to redeem the premises now in question. The "further proceedings" for which the cause was remanded being only such as were necessary to be had in the court below, to effectuate the right in this court, determined in favor of the complainants by the former decision.

It also questions the equity of the decision of the court below, upon the whole case, as shown in the former abstract, as well as in the additional one, regarding the tracts of land in section 20, for the reason, that upon the evidence, it appeared that the title was not in the executors, under the will in evidence, but was in the heirs, by virtue of the decree of the Cook County Court of Common Pleas, subsequent to said will, and which was conclusive upon the executors and heirs, who were all parties to said suit, and which decree divested all title, which the said defendant Failes, and his co-executor might have had under the will, and vested it in the heirs.

J. W. CHICKERING, and E. C. LARNED, for Plaintiff in Error.

After the decree rendered in this cause by this court (at its last term), barring the right to redeem as to one-half of the premises, and establishing it as to the other half, and referring the cause back to the Circuit Court "for further proceedings in conformity with that opinion," that decision was final on the question of right at issue, and the Circuit Court had no power to open the case for further pleadings and proofs, but was bound to order "such further proceedings" as were necessary to effectuate that decision. *Gelston* v. *Codwise*, 1 John. Ch. 189; *Brown* v. *Crow*, Hardin (Ky) 447; *Lyon* v. *Merritt*, 6 Paige, 473; *Reynold* v. *Dodd*, 1 Harr. (Del.) 413; *Bowen* v. *Idley*, 6 Paige, 52; *McRae* v. *David*, 7 Rich. Chan. 376; *Hammon* v. *Cameron*, 12 Smedes & Mar. 513; 15 How. 466.

The practice in courts of equity, in this State, is, by law, required to be in conformity with "that of the high court of chancery in England," and to "the general usage of the courts of equity," where no different provision is made by statute. Chancery acts, May 22, 1819, June 1, 1827, June 1, 1833, and March 3, 1845.

It is contrary to the usage and practice of all courts of equity, (even where the power exists) to open the pleadings and allow new proofs after a hearing and decision upon the merits, except under such a state of facts as would induce the court to entertain a bill of review after a final decree, and no such state of facts was shown in this case. *Baker* v. *Whiting*, 1 Story, 231.

Neither a rehearing, or bill of review, will be allowed to enable a party to offer new evidence which was within the knowledge of the party at the time of the first hearing, or which, by the use of reasonable diligence, could have been known. *Griggs* v. *Gear*, 3 Gilm. 11; *Bingham* v. *Dawson*, 1 Jacob, 344; *Dexter* v. *Arnold*, 5 Mason, 312; Story Eq. Plead., sec. 414; *Norris* v. *Le Neve*, 3 Atk. 35; *Young* v. *Keightly*, 16 Ves. 348; *Jenkins* v. *Eldridge*, 3 Story, 314, 323.

"No court of equity has ever felt itself at liberty to grant an application of this sort (for a rehearing), upon the suggestion of an error of judgment, or mistake of law by counsel, as to the pertinency or force of evidence to be used in a cause. It would not do to allow clients to have a rehearing, or review of a cause, simply because their counsel have not fully appreciated the merits of their cause, or even have overlooked the importance of certain points of evidence, and, therefore, have omitted to have it taken for the cause." *Baker* v. *Whiting*, 1 Story, 237; *Norris* v. *Le Neve*, 3 Atk. 36; 3 Story, 304, and cases cited.

The opening of this case in the Circuit Court, after a decree in this court upon a final hearing, and the allowance of new proofs and pleadings, in violation of the settled rules and practice of all courts of equity, was permitted in furtherance of the defense of a (short) statute of limitations, a defense not favored at law or equity, and as a bar to the mortgagor's equity of redemption, an estate which courts of equity have ever sought to protect. 4 Gill. & Johns. 381; *Beach* v. *Banks*, 3 Wend. 574; 2 Mass. 81; *Jackson* v. *Varick*, 2 Wend. 294; 12 Ohio, 131, and cases there cited.

That the effect of the decree in chancery was to vest an absolute estate in fee, in the property, in the heirs, is not an open question. From the date of that decree, and so long as it remained in force, the title under the will (if any ever existed) was completely divested, and the same as effectually vested in the heirs as if no will had ever existed. *Loomis* v. *Riley*, 24 Ill. 307; *Kester* v. *Stark*, 19 Ill. 329.

The supplemental answer, which sets up a title in one of the executors alone, does not contain allegations enough to make a case under the 9th section of statute, for it fails to allege that the lands were vacant and unoccupied. The supplemental answer of Failes cannot draw to itself the allegations of the former answer of all the parties as to the same land, made in connection with a different claim of title in such other parties; and if it could, on reference to the former answer, it will be found to be stated both ways; but the principal allegation there, is that there was actual possession,

which would exclude the case under 9th section. The title of the executors, under the statute, attempted to be set up by the supplemental answer, fails, therefore, to make a sufficient case, under that statute, for the want of any allegation that the lands were vacant and unoccupied; and where there is no allegation as to that fact, there can be no proofs. "The allegations and proofs in chancery must correspond, mutually supporting each other." *Rowan* v. *Bowles*, 21 Ill. 17, 19; *McKay* v. *Gissell*, 5 Gilm. 505; *Morgan* v. *Smith*, 11 Ill. 200; *Russell* v. *Barney*, 6 McLean, 583.

The following cases all support the proposition, that the knowledge of the adverse claim must be brought home to the knowledge of the party to be affected by it, and it is believed that there is no contrariety in the cases on this point. *Willison* v. *Watkins*, 3 Peters U. S. 45; *Higginson* v. *Mein*, 4 Cranch, 415; *Zeller* v. *Eckart*, 4 How. 296; *Yarborough* v. *Newell*, 10 Yerg. 376; 3 Yerg. 528; 6 Yerg. 289; 9 Geo. 445; 3 Gill. & J. 173; 4 Geo. 75.

MATHER & TAFT, for Appellee.

The following cases are cited by counsel as fully sustaining the right and duty of the Circuit Court in allowing the amended or supplemental answer, and proof of Mr. Lee's will. *Cox* v. *Allingham*, 1 Jacobs, (Eng. Ch. R.) 337; *Williams* v. *Goodchild*, 2 Russell, (Eng. Ch. R.) 91; *Hood* v. *Pimm*, 4 Simons, (Eng. Ch. R.) 101.

To show that the courts of chancery of Illinois in every department have never adopted a practice as rigid as that of the English courts, but are in all respects more liberal both in allowing amendments and new proofs, and in the mode of obtaining relief in such cases, see *Rowan* v. *Bowles et al.*, 21 Ill. 17; *Kitchell* v. *Burgwin et ux.*, 21 Ill. 40; *McClerken* v. *Logan*, 23 Ill. 79; *Pahlman* v. *Smith*, 23 Ill. 448; *Stacy* v. *Randall*, 17 Ill. 467; *Wade* v. *King*, 19 Ill. 301—309; *Lucas* v. *Harris*, 20 Ill. 165—170; *Forquer* v. *Forquer*, 21 Ill. 294—296; *Bennett* v. *Whitman*, 22 Ill. 449—455; *Leonard* v. *Villars*, 23 Ill. 377—380; *Col. M'g Co.* v. *Dorwin*, and *Ulrich* v. *Same*, 25 Ill. 169; *Russ* v. *Mansfield*, 25 Ill. 336—339;

*Munn* v. *Birch*, 25 Ill. 35—41 ; *Cummins* v. *Cummins*, 15 Ill. 34; *Tufts* v. *Rice*, 1 Breese, 64, 65 ; *Whiteside* v. *Bartleson*, 1 Breese, 71, 72 ; *White* v. *Thompson*, 1 Breese, 72, 73 ; *Chandler* v. *Gay*, 1 Breese, 88—90 ; *Cornelius* v. *Wash*, 1 Breese, 99—101; *Hargrave* v. *Bank of Illinois*, 1 Breese, 122, 123 ; *Jones* v. *Bank*, 1 Breese, 124.

Cases in other States: *Camp* v. *Waring*, 25 Conn. 520 ; *Jackson* v. *Cartwright*, 5 Munf. 308 ; *Bellows* v. *Stone*, 14 N. Hamp. 175 ; *McKim* v. *Odom*, 3 Bland. Ch. 407 ; *Rodgers* v. *James*, 1 McCord's Ch. 128 ; *Conolly* v. *Peck*, 3 Cal. 82; *Bradford* v. *Felder*, 2 McCord's Ch. 170 ; *Cuffman* v. *Allin*, Litt. Select Cases, 201.

Case in U. S. Court: *Drummond* v. *McGruder*, 9 Cranch, 122—125.

The suit is a common law partition, by a bill and decree in chancery, which never vested title in the heirs, and cannot do it except by a continuation and order for mutual deeds to carry the equitable decree into legal effect by deeds interchangeably executed. *Hovey* v. *Goings*, 13 Ill. 107; *Cost* v. *Rose*, 17 Ill. 276 ; 2 Daniels' Practice in Chancery, p. 457 ; 3 Johns. Ch. 296.

WALKER, J. When this case was before this court, on a former occasion, the decree was so far affirmed as it related to the lands foreclosed by *scire facias*, and as to the other lands embraced in the decree, it was reversed and remanded for further proceedings. Before a second trial was had in the court below, appellees applied for and obtained leave to amend their answer. By it, as amended, title to the premises in controversy, is alleged to be in the executors of David Lee, deceased, and that the taxes upon the same had been paid in their name, for the full period of seven years, prior to the institution of this suit. On the hearing, they were permitted to introduce evidence to prove these allegations, in addition to the evidence heard on the former trial.

It is insisted on the argument, with great apparent earnestness, that the trial of the cause in this court, at a former term, is conclusive upon the parties. That when the case was re-

manded, the court below had no power to allow an amend-
ment of the pleadings, or to receive additional evidence.
That by that decision, the rights of the parties are fixed,
and the Circuit Court was only authorized to enter a decree
in conformity to the rules announced in the opinion, upon the
record as it then stood. The fifty-second section of the
Practice Act provides, that "The Supreme Court, in case of
a partial reversal, shall give such judgment or decree as the
inferior court ought to have given; or remand the cause, to
the inferior court for further proceedings, as the case may
require." This record presents the question of what is the
true construction of this provision. In cases of partial re-
versals, it requires, that this court shall give such judgment
or decree as the case may require, or remand it for further
proceedings. On the previous trial, the court deemed it im-
proper to render a decree in the case, but regarded it as
equitable, and conducive to justice, that it should be re-
manded for further proceedings.

The whole question grows out of the fact, that the directions
to proceed are general. If these general directions to the
court below, limit its power only to act upon the record of
the case, as it then existed, under the rules announced in the
opinion, then the amendment of the answer, and the reception
of additional evidence, was unwarranted. That the court
below, is concluded by the legal principles announced by the
appellate tribunal, is undeniable. But it by no means follows,
that other facts may not be proved, within the principles an-
nounced, and amendments made which obviate objections to
granting the relief sought, or to the allowance of a defense
interposed. It is conceded, that this court possesses the power
to allow them to be made, but it is denied that the previous
decision permitted them in this particular case.

Where the decree is affirmed, in all its parts, the controversy
is at an end. In such a case, the Circuit Court has no power
to allow amendments of the pleadings, or to alter or change
the decree. It can only proceed to have it enforced, accord-
ing to its terms and conditions. Where the decree is reversed,
and the cause is remanded with specific directions, the court

below has no discretion, but must pursue the mandate of the appellate court. If such instructions were not observed, it would be error, for which the second decree would be reversed on appeal.

Why remand the cause upon reversal, for further proceedings? Most assuredly that justice may be attained. If such was not the design, why not require this court to enter a final decree on the merits, granting such relief as the record disclosed the party entitled to, or dismissing the bill? If on the trial in the appellate court, it appeared by the evidence that the complainant was entitled to relief not sought by the bill, or the defendant to a defense not set up by the answer, that the cause on a reversal might be remanded, amendments made, and justice done to the parties. The uniform practice in courts of chancery has been, when a demurrer has been sustained, to exercise a discretion, either permitting an amendment, or to dismiss the bill. The great object of instituting courts is the attainment of justice, and in effectuating that object all reasonable and proper amendments should be allowed, especially in courts of equity, where amendments have always been more liberal than in courts of law.

Appellate courts have always exercised a discretionary power, on a reversal, to allow amendments, when it is seen that they are required to promote justice. And this is done without any special application for that purpose. When a reversal of the decree or judgment occurs, the judgment of the court below, as to the parties to the record, is entirely abrogated, and the cause then stands in the court below precisely as if no trial had occurred. The case is then remitted to that court in precisely the same condition, in all respects, as it occupied before the trial in that tribunal. The decree, by its reversal, is in effect expunged from the record. And the court below has the same power over the record which it possessed before its decree or judgment was rendered. It then follows, that where a decree is reversed, and the cause is remanded without specific directions, the Circuit Court has the power to allow amendments to the pleadings, and to permit the introduction of other evidence.

This record discloses nothing from which it can be inferred, that the partition of N. E. 20, 39 N., 14 E., was in any respect irregular. The proceeding was commenced by Lee, and the partition completed in his lifetime, and no exception was taken to its sufficiency. All the taxes accruing on Lee's interest in this tract, after he acquired the fee, were paid in his name, until his death, and in the name of his executors after his death, until this suit was instituted. The legal title to the portion allotted to Lee, was vested in them by Lee's will, and thus the color of title and the payment of all taxes concurred in the same persons for more than seven successive years, and rendered the bar of the statute complete. So far, then, as these premises are concerned, the objection that deeds were not interchangeably made by the parties, to complete the partition, does not apply, as no such omission appears from the record. The bar of the statute, as to these premises, seems to be complete, and the court did right in dismissing the bill as to this tract.

The proceeding against the heirs and executors of David Lee, for a partition of the S. W. 20, 39 N., 14 E., was in equity. Commissioners were appointed, who divided the tract, made a report of their proceedings, which was confirmed by the court, and the parties decreed to hold the portions allotted to them in severalty. But deeds were not decreed or executed by the parties to the proceedings. The commissioners set off to the heirs of Lee, portions equal to one-half of the tract. Whilst this was, in equity, a good and sufficient partition, which a court of chancery will recognize and enforce between the parties to the bill, it was not such a partition as vested in the parties the legal title to the shares assigned to each of them, for the want of mutual releases. It is the settled doctrine of the courts, that to vest in the parties the legal title to the shares allotted to each, they must execute releases for the portions not assigned to them.

But if this was a sufficient partition to create a statutory bar in equity, still the other statutory requirements are wanting.

Taxes were paid on the undivided half of this tract, in the name of Lee, after he acquired title, and in that of his exe-

cutors for six years.  After the partition was made, the taxes were paid in the name of the executors on the whole of that portion assigned to the heirs of David Lee.  It will therefore be observed that the payment of the taxes concurred with the legal title for seven successive years.  It concurred for six years with the legal title on the undivided half of the entire tract, and with that title to an undivided half of the portion allotted to Lee's heirs, during the full statutory period.  The legal title, as we have seen, still being in Lee's executors, the statute had operated as a complete bar to the half of the portion set off to the heirs of Lee.  The payment on the whole of that portion was sufficient to create the bar to the undivided half.  *Dawley* v. *Van Court*, 21 Ill. 463.  But as to the remainder of the portion assigned to them, there has not been seven years payment of taxes concurring with color of title.

In the other undivided half of the portion set off to Lee's heirs, complainants have no claim, as their title does not purport to embrace it, nor do they, by the bill, claim any right as to that portion.  Nor can the court decree a redemption of the undivided half of the other portion, inasmuch as it appears that other parties claim by the partition to have acquired rights and interests, and they have the right to be heard.  And the bill fails to make them parties.  Whether they have a defense, cannot be known until they have been brought before the court, and had an opportunity to be heard. It would have been manifest error to have authorized a redemption of the half originally owned by Lee, embraced in the half allotted to his heirs, as the bar of the statute was complete to protect it ; and equally so, to have authorized a redemption of his original half in the remainder, because other parties claim an interest in, or title to that portion, who have not been made parties to this bill.

The decree is affirmed.                    *Decree affirmed.*