## SARAH D. WINCHESTER

*v.*

## MARY E. GROSVENOR.

1. JUDGMENT—*reversal—specific directions.* Where a judgment is reversed in this court, the cause should not be remanded with specific directions to the court below to enter judgment, unless the evidence is clear and satisfactory to indicate the character of the judgment which should be rendered.

2. REMANDING A CAUSE—*with specific directions.* But where a judgment is reversed and the cause remanded, with leave to the party recovering the judgment in the court below to enter a *remittitur* for a portion of the sum recovered, the court below has no discretion, upon the *remittitur* being entered, but to enter a judgment for the amount of the former judgment, less the amount so allowed to be remitted.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

The facts in this case are stated in the original opinion published in 44 Ill. 425, and this opinion is rendered upon a petition for a rehearing.

Mr. GEORGE F. HARDING and Mr. FRANK H. GUION, for the appellant.

Messrs. BARKER & TULEY, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This cause was before us at the April term, 1867, of this court; the judgment of the court below was then reversed and the cause remanded, with leave to appellee to remit three hundred dollars and take judgment for the balance. At this term, being the first which has occurred since filing the opinion in the case, appellant has filed a petition for a rehearing.

After a careful examination of the record we have arrived at the same conclusion we then announced, on the questions of error in the record ; still being of the opinion that error existed as indicated in the opinion, we adhere to the views we there expressed. But when we come to examine the affidavit upon which the writ of attachment was based, and to which we did not turn our attention when we then decided the case, and after a more careful examination of the evidence in connection with the petition for a rehearing, we have arrived at the conclusion that we acted inadvertently in granting leave to enter the *remittitur* and to take judgment for the balance of the verdict, but should have remanded the cause for a new trial. We refrain from a discussion of the evidence, as the case will go before another jury; hence, we simply announce the conclusion at which we have arrived. We rarely remand a cause with specific directions to enter judgment, except where the evidence is clear and satisfactory ; and upon a further examination of the testimony in this case, we do not find it of that clear and satisfactory character that would warrant such an order. Having granted a rehearing, the judgment heretofore entered in this court will be so far modified as to stand as a judgment of reversal and the cause remanded for further proceedings, and without leave to take judgment upon entering a *remittitur*.

After the judgment was entered in this court, appellee procured a writ of *procedendo*, and had the cause docketed in the court below, on the 14th day of January, 1868, and thereupon moved the court for leave to enter a *remittitur* and take judgment for the balance of the verdict, which was allowed by the court, and a judgment rendered against appellant for the sum of $700, from which an appeal was allowed and perfected, and the record is brought to this court and various errors assigned. Under the judgment of this court, remanding the cause as it did, the court below had no discretion but to enter the judgment upon appellee's entering a *remittitur* ;

and the error in the court below was caused by our instruction. The same reasons, however, apply for a trial *de novo* on the record, as it comes before us in this case, and on the petition for a rehearing, as the record is one and the same, except so far as the proceedings on the application for the rehearing, and the rendition of the judgment appear. And the same reason that induced the granting of a rehearing, compels us to reverse and remand this cause.

The judgment of the court below is reversed, in both cases, and the cause remanded.

*Judgment reversed.*