GEORGE BOGGS

*v.*

ELISHA W. WILLARD *et al.*

1. REMOVAL OF CAUSE—*to Federal courts.* Where a decree is reversed in this court, and the cause remanded with specific directions to the court below to dismiss the bill, this is a final disposition of the cause, and it can not subsequently be removed to the Federal Court, under the act of Congress of March 2, 1869.

2. REVERSAL—*with specific directions.* Where a case has been tried in this court upon its merits, and remanded with specific directions to dismiss the suit, or to do some other act, the court below has no power to do anything but to carry out the specific directions.

3. ERROR—*a decision in conformity to mandate of this court, can not be assigned as error.* Where a cause is reversed in this court, and remanded with directions to do a certain act, which is done, the action of the court below can not be assigned for error. The decision can only be reviewed by a rehearing in this court.

WRIT OF ERROR to the Superior Court of Cook county.

Messrs. ISHAM & LINCOLN, for the plaintiff in error.

Messrs. GOUDY & CHANDLER, for the defendants in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This case was before this court at the September term, 1870, and is reported in 56 Ill. 163. The facts relating to the claims of the parties are contained in the opinion there reported, to which reference is made. The decree of the court below was then reversed, and the cause remanded with directions to dismiss complainant's bill.

When the case was re-docketed in the Superior Court, where it had been tried, and from which the appeal had been prosecuted, complainant filed a petition, under the acts of Congress, to have the cause transferred to the Circuit Court of the United States for the Northern District of Illinois, but the court refused the motion and dismissed the bill. To reverse that decree, complainant prosecutes error. The grounds

316          Boggs *v.* Willard *et al.*          [Sept. T.

Opinion of the Court.

of reversal urged are, that the court below should have granted the petition, and transferred the cause, and that the bill should not have been dismissed.

Under the first assignment of errors, it is contended that the case comes within the law of Congress, as the order of dismissal had not been entered. The proceeding seems to be based on the act of the 2d of March, 1867. (Sess. Laws, p. 196.) It provides that, where a suit is pending in a State court, in which there is a controversy between a citizen of the State in which the suit is brought, and a citizen of another State, and the matter in dispute exceeds $500, exclusive of costs, the non-resident citizen may file the required petition, with the proper affidavit, and offer good and sufficient security for the prosecution of the suit, etc., at any time before the final hearing or trial of the suit, and have it transferred to the next term of the Circuit Court of the United States, and the State court is prohibited from proceeding further with the case. Was this suit pending, and had there been no final hearing or trial when the application was made, within the meaning of the law?

In numerous cases, it has been held, in this State, that, where a case has been tried in this court, and remanded with specific directions to dismiss the bill, or do some other act, the court below has no power to do any thing but carry out the specific directions. *Chickering* v. *Failes*, 29 Ill. 294; *Winchester* v. *Grosvenor*, 48 Ill. 515; *Hollowbush* v. *McConnel*, 12 Ill. 203. The statute (R. S. 1845, p. 420,) empowers this court to give final judgment and issue execution, or remand the cause that execution may issue, or that other proceedings may be had thereon. Had we, in the case, when it was before us, rendered a final decree dismissing the bill, no one would have claimed that the suit was pending thereafter, or that there had not been a final hearing or trial. And why? Because this court had considered the evidence as applied to the pleadings, and had fully determined the rights of the parties as presented by the case. And in what does the decree

rendered in this court differ from a decree of dismissal? We, after fully considering the pleadings and evidence, decided that the complainant had not shown a right to the relief sought, and that the court below erred in not dismissing the bill, and then reversed the decree, and remanded the cause for further proceedings in conformity with the opinion. Under such specific directions, the court below could only act in conformity with the opinion, and dismiss the bill. All the questions had been finally heard, tried and decided on the appeal in this court. If the decree of this court did not finally determine the case and all of its parts, it is impossible for us to comprehend how a case can be finally heard and tried. To maintain this writ, or to permit other and further proceedings than those directed by this court, would be to hold that controversies could never be ended by judicial sentence or decree. The cause, then, having been finally heard and tried, and only remanded that the court below might dismiss the bill, and issue execution for costs, from that court, instead of this, we have no hesitation in saying that the court below could not have done otherwise than deny the petition and dismiss the bill.

As to the second assignment of error, it is only necessary to say, that the court below conformed its action strictly to the mandate of this court, and if its action was erroneous, it was because we had erred in deciding the case and finally determining the rights of the parties. It is, in effect, assigning an error on the decision of this court. This can not be done, so as to reach a reconsideration of the case as formerly presented to this court. That can only be done on a rehearing, granted on petition, or on the spontaneous action of the court. But the grounds upon which the case was decided by us, we regard as the settled law of this court. It was announced in *Mixer* v. *Sibley*, 53 Ill. 77, which was finally decided on a rehearing, and has been followed in other cases.

The decree of the court below, dismissing the bill, is affirmed.

*Decree affirmed.*