The People v. Flynn.

---

## People of the State of Illinois v. Benjamin Flynn, James Bloomer and Thomas Ludy.

1. STATE'S ATTORNEYS—*Fees on Setting Aside Forfeitures—Costs.*—The statute, allowing the state's attorney a fee in each case where the forfeiture of a recognizance is set aside at the instance of the defense in addition to the ordinary costs, means a valid order setting aside such forfeiture and one that stands unreversed. All costs depending upon the setting aside of the forfeiture of a recognizance, fall with the reversal of the order.

**Motion to Retax Costs.**—Error to the Circuit Court of Mercer County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the December term, 1894. Affirmed. Opinion filed May 28, 1895.

JAMES M. BROCK, State's Attorney, for plaintiff in error.

PEPPER & SCOTT, attorneys for defendants in error.

MR. PRESIDING JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This is the same case reported in 53 Appellate Court Reports, page 493, reversing order of court below in setting aside forfeiture of recognizance against Benjamin Flynn, principal, and James Bloomer and Thomas Luby as his sureties. The order of the court below vacated by this court was acted on after the case was returned to the Circuit Court upon mandate from this court. At the August term, 1894, the cause was redocketed, and a motion entered by the state's attorney for final judgment on forfeited recognizance. The defendants were duly called and defaulted, and the motion to set aside the forfeiture of the recognizance was overruled and final judgment entered against all the defendants, for the sum of $500 and costs. August 22d, the defendants, by Pepper & Scott, their attorneys, moved the court that the costs be retaxed by striking from the defendant's fee bill the item of fifteen dollars taxed for state's attorney's fees. The court allowed the motion and ordered the item taxed to be expunged from the fee bill. It is insisted in this court, by plaintiff in error, that the action of the court below was erroneous. Sec. 8, Chap. 53 of Hurd's Statutes of 1893, provides for state's attorney's fees, as follows: "State's attorneys shall be entitled to the following fees: * * * for each case of forfeited recognizance where the forfeiture is set aside at the instance of the defense, in addition to the ordinary costs, five dollars for each defendant. * * * All the foregoing fees shall be taxed as costs to be collected from the defendant, if possible, upon conviction."

There is no doubt that the taxation of the fifteen dollars, if properly made at the time of setting aside of the forfeiture, was regular, and justified by the statute; but the order of this court reversing the setting aside the forfeiture, left the case as though no forfeiture had been set aside. The statute in speaking of setting aside of the forfeiture

of the recognizance, means a valid order and one that stands unreversed. All costs depending upon the setting aside of the forfeiture of the recognizance fall with the reversal of such order. It is just the same as though such order had not been set aside at all. Chickering v. Failes, 29 Ill. 294; Cable v. Ellis, 120 Ill. 138.

The judgment of the court below is affirmed.