2023 IL App (4th) 220330

NO. 4-22-0330

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 10, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Boone County |
| DEONTAE X. MURRAY, | ) | No. 13CF86 |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | C. Robert Tobin III, |
| | | Judge Presiding. |

JUSTICE ZENOFF delivered the judgment of the court, with opinion.
Justices Cavanagh and Lannerd concurred in the judgment and opinion.

**OPINION**

¶ 1        Defendant, Deontae X. Murray, appeals the order of the circuit court of Boone

County summarily dismissing his postconviction petition at the first stage. Defendant contends

that he stated the gist of a constitutional argument where he alleged that he was sentenced pursuant

to a statute our supreme court had previously found to be unconstitutional. In imposing the

sentence, however, the circuit court executed the mandate of our supreme court. Because we must

regard the mandate of the supreme court to be free from error, we affirm.

¶ 2                                I. BACKGROUND

¶ 3        A jury convicted defendant of first degree murder (720 ILCS 5/9-1(a)(2) (West

2012)), aggravated unlawful use of a weapon (AUUW) (720 ILCS 5/24-1.6(a)(1), (a)(3)(A), (d)

(West 2012)), and unlawful possession of a firearm by a street gang member (720 ILCS

5/24-1.8(a)(1) (West 2012)) in connection with the 2013 shooting death of Richard J. Herman in Belvidere. The trial court merged the conviction of AUUW into the conviction of unlawful possession of a firearm by a street gang member and sentenced defendant to an aggregate of 60 years' imprisonment. The Second District affirmed the convictions in *People v. Murray*, 2017 IL App (2d) 150599, ¶ 98. Our supreme court reversed the conviction for unlawful possession of a firearm by a street gang member. *People v. Murray*, 2019 IL 123289, ¶¶ 53-54. The supreme court then remanded the matter to the circuit court for sentencing on the AUUW conviction. *Murray*, 2019 IL 123289, ¶ 53. Defendant did not seek a rehearing.

¶ 4        On October 18, 2019, the supreme court's mandate issued. The mandate stated that the appellate court's judgment was reversed in part and that the matter was "remanded with directions." On November 30, 2020, the circuit court held a sentencing hearing in accordance with the supreme court's mandate.

¶ 5        At the sentencing hearing, the dilemma facing the trial court and the parties was the unconstitutionality of the AUUW offense for which defendant was about to be sentenced. Defendant was convicted of violating section 24-1.6(a)(1), (a)(3)(A) of the AUUW statute. 720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2012). In *People v. Aguilar*, 2013 IL 112116, ¶ 22, our supreme court held that section of the AUUW statute unconstitutional as infringing on the right to keep and bear arms. At defendant's sentencing hearing, the State recommended sentencing defendant in accordance with the supreme court's mandate. The State also recommended sentencing defendant on a lesser included offense, which survived constitutional scrutiny. Defendant argued that the court was required to follow the supreme court's mandate. Doing so, he noted, would result in an unconstitutional sentence. Therefore, defendant recommended that the court vacate defendant's conviction for AUUW. The court ruled that it was prohibited from

"straying" from the supreme court's mandate. Consequently, the court sentenced defendant to six years' incarceration, to be served consecutively to the sentence for first degree murder. Defendant appealed but then dismissed the appeal.

¶ 6 On March 23, 2022, defendant, through counsel, filed a petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). Defendant, *inter alia*, argued that his AUUW conviction should be vacated because the statute under which he was convicted was found to be unconstitutional in *Aguilar*. On March 24, 2022, the trial court issued a written memorandum of decision and dismissed the petition. The court found defendant's constitutional argument meritless. The court noted that, in remanding for sentencing, the supreme court appeared to have decided that the offense of AUUW—"as charged and supported by the evidence" in defendant's case—was constitutional. Otherwise, the court stated, the supreme court would have vacated defendant's conviction.

¶ 7 This timely appeal followed.

¶ 8 II. ANALYSIS

¶ 9 The Act provides a method for persons under criminal sentence to assert that their convictions resulted from constitutional infirmities. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). A postconviction proceeding consists of three stages. *Hodges*, 234 Ill. 2d at 10. At the first stage, the trial court, within 90 days of the filing of the petition, independently reviews the petition, taking the allegations as true, and then determines whether the petition is "frivolous or is patently without merit." (Internal quotation marks omitted.) *Hodges*, 234 Ill. 2d at 10. If the trial court determines that the petition is either frivolous or patently without merit, the court must dismiss the petition in a written order. *Hodges*, 234 Ill. 2d at 10. At the first stage, a defendant need only make a claim that is arguably constitutional to invoke the Act. *Hodges*, 234 Ill. 2d at 9. The only requirement at

- 3 -

this stage is that the pleading state the "gist" of a constitutional claim. *Hodges*, 234 Ill. 2d at 9. However, if the court does not dismiss the petition, then the petition advances to the second stage, where counsel may be appointed and the State can move to dismiss the petition. *Hodges*, 234 Ill. 2d at 10-11. If the petition survives the second stage, the case advances to the third stage, where the court receives evidence and weighs the petition's merits to determine whether a defendant is entitled to relief. *People v. Allen*, 2015 IL 113135, ¶ 22. Our review of a first-stage dismissal is *de novo*. *Hodges*, 234 Ill. 2d at 9.

¶ 10      Defendant contends that his postconviction petition should not have been dismissed at the first stage because he stated the gist of a constitutional argument. Defendant argues that the supreme court likely overlooked that it had previously held unconstitutional the statute under which it ordered defendant to be sentenced. Defendant also asserts that the only remedy is to vacate the conviction, citing *People v. Mosley*, 2015 IL 115872, ¶ 24 (holding that where a defendant has been sentenced in violation of *Aguilar*, the proper remedy is to vacate the defendant's conviction). Thus, defendant argues that we must remand for second-stage proceedings for the trial court to vacate his conviction of AUUW. However, in arguing that his conviction must be vacated, defendant necessarily assumes that the trial court was free to ignore the supreme court's mandate. The State maintains that the trial court properly dismissed defendant's petition, as the court had no discretion to deviate from the mandate. We agree with the State.

¶ 11      As early as 1862, our supreme court held that when it reverses and remands a cause to the trial court with directions, the trial court "has no discretion, but must pursue the mandate of the appellate court." *Chickering v. Failes*, 29 Ill. 294, 302-03 (1862). The court was also clear that "[i]f such instructions were not observed, it would be error, for which the second decree would be reversed on appeal." *Chickering*, 29 Ill. at 303. Since *Chickering*, our supreme court has persisted

- 4 -

in this view. See, *e.g.*, *Winchester v. Grosvenor*, 48 Ill. 515, 516 (1868); *Boggs v. Willard*, 70 Ill. 315, 316 (1873) (stating, "the court below has no power to do any thing but carry out the specific directions [of the mandate]"); *Fisher v. Burks*, 285 Ill. 290, 293 (1918) (stating, "it is the duty of the trial court to carry [the mandate] into execution and not to look elsewhere for authority to change its meaning or direction"); *Smith v. Dugger*, 318 Ill. 215, 217 (1925); *PSL Realty Co. v. Granite Investment Co.*, 86 Ill. 2d 291, 305 (1981) (stating, "if the cause is remanded, the circuit court can take only such action which conforms to the judgment of the court of review"); *Price v. Philip Morris, Inc.*, 2015 IL 117687, ¶ 49 (stating, if the cause is remanded with instructions to the circuit court to enter a specific order, the circuit court is authorized to do nothing but enter the decree).

¶ 12        Defendant argues that the doctrine established in the above cases does not apply here, because the supreme court issued an "unconstitutional" mandate when it directed the trial court to sentence defendant on his AUUW conviction. There is no question that the offense for which defendant was sentenced was held unconstitutional in *Aguilar*. *Aguilar*, 2013 IL 112116, ¶ 22. Nevertheless, two principles apply: (1) even where the supreme court's mandate is erroneous, the circuit court has no discretion but to enter an order conforming to the mandate (*Winchester*, 48 Ill. at 516-17) and (2) when the supreme court reverses or vacates the judgment of the circuit court and remands to the circuit court with specific directions, the order entered upon remand is the judgment of the supreme court, not the judgment of the trial court (*People v. Brown*, 2022 IL 127201, ¶ 24). This means (1) the trial court in our case had no discretion to do anything other than sentence defendant in conformity with the supreme court's mandate and (2) this court has no authority to review—much less reverse—the supreme court's judgment. See *Brown*, 2022 IL

127201, ¶ 51 (Michael J. Burke, J., dissenting) (but agreeing with the majority that a judgment of the supreme court cannot be reviewed by the appellate court).

¶ 13    The following cases illustrate these principles. In an initial appeal in *Winchester*, the supreme court reversed the decision of the trial court and remanded with instructions to enter a remittitur in favor of the appellee in the amount of $300. *Winchester*, 48 Ill. at 515. After remand, the circuit court entered a remittitur in the amount of $700. *Winchester*, 48 Ill. at 516. In a subsequent appeal, the supreme court determined that its judgment granting a remittitur in any amount was wrong. *Winchester*, 48 Ill. at 516. Even though the supreme court noted that the trial court's order after remand was occasioned by the supreme court's erroneous instruction to the trial court, the supreme court still opined that the trial court had no discretion but to follow the supreme court's mandate. *Winchester*, 48 Ill. at 516-17.

¶ 14    In *Smith*, our supreme court stated:

> "Where a decree is reversed and the cause is remanded with specific directions as to the action to be taken by the trial court it is the duty of that court to follow those directions, and a decree entered in accordance with such directions cannot be erroneous, however erroneous the directions may be." *Smith*, 318 Ill. at 216.

¶ 15    In *Boggs*, our supreme court originally reversed the trial court's judgment and remanded with directions to dismiss the complaint. *Boggs*, 70 Ill. at 315. Upon remand, the plaintiff moved to remove the cause to federal court. *Boggs*, 70 Ill. at 315. The trial court denied the motion for removal and dismissed the complaint. *Boggs*, 70 Ill. at 315. The plaintiff appealed, contending that the court should have granted removal and that the complaint should not have been dismissed. *Boggs*, 70 Ill. at 315-16. As to the first argument, our supreme court stated that the trial court had

no power to do anything except "carry out" the supreme court's specific directions. *Boggs*, 70 Ill. at 316. Regarding the dismissal of the complaint, the supreme court noted that (1) the decision to dismiss the complaint was not the trial court's judgment but that of the supreme court and (2) if that judgment was wrong, the plaintiff could obtain review only by a rehearing in the original supreme court case, by petition to the supreme court, or by a "spontaneous action" by the supreme court. *Boggs*, 70 Ill. at 317. In other words, if the supreme court's mandate is wrong, only the supreme court can furnish a remedy.

¶ 16        At oral argument, defendant acknowledged the above principles but argued that they are contradicted by *In re N.G.*, 2018 IL 121939. In *N.G.*, a case involving the termination of parental rights, the trial court found the respondent father unfit based on prior felony convictions. *N.G.*, 2018 IL 121939, ¶ 1. One of those convictions was under the AUUW statute that had been found to be unconstitutional as violating the second amendment to the United States Constitution (U.S. Const., amend. II). *N.G.*, 2018 IL 121939, ¶ 2. The appellate court vacated the AUUW conviction and then reversed the unfitness finding, holding that without an unfitness finding, there was no basis to terminate the respondent's parental rights. *N.G.*, 2018 IL 121939, ¶ 2. Our supreme court affirmed the appellate court. *N.G.*, 2018 IL 121939, ¶ 89. Our supreme court noted that a finding that a criminal statute is facially invalid under the constitution of the United States means that the State had no authority to punish the defendant under that law. *N.G.*, 2018 IL 121939, ¶ 40. The supreme court further noted that state courts are under a "mandatory obligation" to ignore a law that is repugnant to the United States Constitution. *N.G.*, 2018 IL 121939, ¶¶ 40-41. Defendant interprets this "mandatory obligation" to trump the mandate of our supreme court in the present case. Thus, defendant argues, we must hold that the mandate was unconstitutional.

¶ 17　　　　*N.G.* is inapposite. It did not involve a mandate of our supreme court. At oral argument, defendant conceded that *N.G.* does not specifically grant the appellate court authority to overturn a judgment of our supreme court. Rather, defendant acknowledged that he extrapolates that conclusion from other language in the opinion.

¶ 18　　　　The State relies on *Brown*, which we find apt. In *Brown*, the circuit court held a criminal statute unconstitutional, but it also resolved the cause on nonconstitutional grounds. *Brown*, 2022 IL 127201, ¶ 6. The State appealed directly to our supreme court. *Brown*, 2022 IL 127201, ¶ 7. The supreme court vacated the finding of unconstitutionality and remanded with directions to the trial court to enter a modified judgment excluding that finding. *Brown*, 2022 IL 127201, ¶ 10. The trial court initially entered an order conforming to the supreme court's mandate. *Brown*, 2022 IL 127201, ¶ 14. However, upon granting the defendant's motion to reconsider, the trial court vacated its order, reinstated the criminal charge, and allowed the defendant to file motions challenging the constitutionality of the statute under which she was charged. *Brown*, 2022 IL 127201, ¶ 16. The trial court again found the statute unconstitutional, and the State appealed to the supreme court. *Brown*, 2022 IL 127201, ¶ 17. In the second appeal, our supreme court vacated the trial court's orders, stating that the rule requiring the circuit court to execute the supreme court's mandate is "clear and *unconditional*." (Emphasis added.) *Brown*, 2022 IL 127201, ¶ 20. The supreme court reiterated its long-standing view that an order entered after remand with directions is "not that of the circuit court." *Brown*, 2022 IL 127201, ¶ 24. "Rather," said the supreme court, "[i]t is, in fact, the judgment of this court promulgated through the trial court." (Internal quotation marks omitted.) *Brown*, 2022 IL 127201, ¶ 24. The court emphasized that an order entered after remand is merely the ministerial act of implementing the supreme court's judgment and must be regarded as "*free from error*." (Emphasis added and internal quotation

marks omitted.) *Brown*, 2022 IL 127201, ¶ 24. Consequently, we reject defendant's argument that an exception exists when the constitutionality of a statute is at issue. We therefore hold that the trial court did not err in sentencing defendant pursuant to the supreme court's mandate. Accordingly, we hold that the court properly dismissed defendant's postconviction petition.

¶ 19     Defendant argues that his appellate counsel was ineffective for not seeking a rehearing in the supreme court. To establish ineffective assistance of counsel, defendant must satisfy the two-pronged test announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984): (1) counsel's performance fell below an objective standard of reasonableness and (2) counsel's deficient performance resulted in prejudice. *People v. McGath*, 2017 IL App (4th) 150608, ¶ 37. Failure to satisfy either prong precludes a finding of ineffectiveness. *McGath*, 2017 IL App (4th) 150608, ¶ 37. Even assuming, without deciding, that defendant has met the first prong of *Strickland*, the only remedy proposed is to remand to advance defendant's postconviction petition to the second stage. However, the court could not grant relief because it cannot circumvent the supreme court's mandate. Moreover, because the mandate must be regarded as being without error (*Brown*, 2022 IL 127201, ¶ 24), defendant cannot satisfy the prejudice prong.

¶ 20     We are, of course, sensitive to the anomaly this case presents. However, it is our duty to follow the law as promulgated by our supreme court. *Travellers Insurance Co. v. Leafgreen*, 150 Ill. App. 155, 157 (1909). Only our supreme court, either by granting a petition for leave to appeal or exercising its supervisory authority, can change its mandate. *Boggs*, 70 Ill. at 317.

¶ 21                              III. CONCLUSION

¶ 22     For the reasons stated, we affirm the trial court's judgment.

¶ 23     Affirmed.

*People v. Murray*, 2023 IL App (4th) 220330

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Boone County, No. 13-CF-86; the Hon. C. Robert Tobin III, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Catherine K. Hart, and Sarah G. Lucey, of State Appellate Defender's Office, of Springfield, for appellant. |
| **Attorneys for Appellee:** | Tricia L. Smith, State's Attorney, of Belvidere (Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of counsel (Kavi Modi, law student)), for the People. |