NOTICE
Decision filed 10/07/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 250529-U

NO. 5-25-0529

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Vermilion County. |
| | ) | |
| v. | ) | No. 24-CF-341 |
| | ) | |
| BOBBY L. WALLEY, | ) | Honorable |
| | ) | Karen E. Wall, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Barberis and Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court's May 21, 2025, order granting the defendant pretrial release and its June 30, 2025, order denying the State's motion for relief are reversed where the trial court failed to heed this court's previous mandate in *People v. Walley*, No. 5-24-0801 (2024) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 2    The State timely appeals the trial court's orders granting the defendant pretrial release and denying the State's motion for relief pursuant to Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act. See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). For the following reasons we reverse the trial court's orders and remand the case.

1

¶ 3                               I. BACKGROUND

¶ 4     On May 30, 2024, the defendant was charged, by information, with aggravated unlawful use of a weapon, a Class 2 felony (count I), and unlawful possession of a weapon by a felon, a Class 2 felony (count II). The State filed a verified petition to deny defendant pretrial release. On May 31, 2024, the trial court held a hearing on the State's petition wherein it denied the petition and entered a written order releasing the defendant with conditions.

¶ 5     On June 25, 2024, the State filed a petition for relief pursuant to Illinois Supreme Court Rule 604(h)(2) (eff. Apr. 15, 2024). It claimed that the trial court erred when it denied the State's petition to detain the defendant and released him with conditions. On July 1, 2024, the trial court conducted a hearing on the State's motion for relief and ultimately denied the motion.

¶ 6     The State filed a timely notice of appeal on July 2, 2024, in *People v. Walley*, No. 5-24-0801 (2024) (unpublished summary order under Illinois Supreme Court Rule 23(c)). On October 1, 2024, the appellate court filed a summary order wherein it reversed the trial court's decision granting the defendant pretrial release. *Id.* ¶ 15. In finding that the trial court erred, the appellate court noted:

> "The defendant was a convicted felon who was not compliant with questioning by
> the police officers. Only after the officer noted the gun in the defendant's pocket
> was the defendant arrested. The gun was loaded with 12 rounds of ammunition and
> posed a threat to the community. Defendant had a violent criminal history which
> made him a danger to person or persons within the community. Defendant did not
> appear for his hearing on the motion for relief, even though he was represented by
> counsel." *Id.* ¶ 14.

¶ 7    The defendant subsequently filed a petition for leave to appeal to the supreme court, which was denied in *People v. Walley*, No. 131148 (Ill. Dec. 3, 2024). Thereafter, the appellate court issued its mandate on January 13, 2025.

¶ 8    At a pretrial hearing in this case on May 20, 2025, the State asked the trial court to detain the defendant based on the appellate court's order reversing the trial court's prior release of the defendant. Rather than detaining the defendant pursuant to the appellate court mandate, on May 21, 2025, the trial court conducted a second hearing on the detention issue. It again granted the defendant pretrial release. In so doing, the court stated:

> "So the appellate court is pretty clear about the reversal of Judge Girton's release order and really the sum and substance of their opinion is contained in paragraph 14 of the order entered ***. We've had two pretrial hearings since that date. *** And then at the most recent pretrial, May 20th, was when the State requested that the Court remand the defendant pursuant to the Fifth District's Appellate Court order."

After stating that it did not need to hear further arguments and that it had reviewed the record, including the pretrial services order, the court continued:

> "For the record, I agree with the State with regard to the current postural proceedings, meaning he should have been remanded, he should have been detained with the entry of the order by the appellate court. So—however, I'm not going to do that today."

¶ 9    The State persisted that it had the right to be heard, and the court granted its request. The State thereafter argued, *inter alia*, that "to refuse to detain the defendant at this time is essentially not following the appellate court's ruling." Defense counsel argued that the passage of time was

3

"sufficient and demonstrative of the fact that he is not a danger and therefore should be maintained on pretrial release."

¶ 10    The trial court advised that it was proceeding under section 110-5(f-5) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-5(f-5) (West 2024)), stating:

"the section that says, 'At each subsequent appearance of the defendant before the court, the judge must find that the current conditions imposed are necessary,' meaning detention is necessary, 'to reasonably ensure the appearance of the defendant as required, the safety of other persons, and the compliance of the defendant with conditions of pretrial release. The court is not required to be presented with new information or a change in circumstances,' and that deals with pretrial conditions which I'm not really dealing with."

After noting that the defendant had "been on pretrial release for the last year," there had been no new charges during that time, and the defendant had appeared for court hearings, "which are the two basic requirements the Pretrial Fairness Act is geared toward gaining compliance with defendant," the court stated that "actions speak louder than words" and it believed "that the statute is written in a way to provide some flexibility in this regard." It continued:

"so I'm going to order that while the appellate court mandate ordered his detention, I am now in May—we've had two pretrials since the mandate entered last January, the opinion was handed down last October, and he's been on release this entire time. I do believe that his actions show that he can comply with the Court's orders until the case comes to a conclusion.

4

So the Court will issue a conditional release order at this time which will be a modification I believe slightly."

¶ 11 On June 6, 2025, the State filed a motion for relief pursuant to Illinois Supreme Court Rule 604(h)(2) (eff. Apr. 15, 2024). The motion alleged that the trial court erred when it refused to follow the mandate of the appellate court when the circuit court granted the defendant pretrial release on May 21, 2025.

¶ 12 On June 30, 2025, the trial court conducted a hearing on the State's motion for relief. The State argued "the Court is required by law to—to follow the mandate and I would ask the Court to do so." Defense counsel countered that "if the mandate were going to be followed, it would have been at the time of its issuance. The intervening time put the Court in a different situation where following the mandate physically was nonsensical." The State followed up, arguing that "mandates don't become stale and the—and mandates are required to be followed regardless it's believed that it's—that the mandate is improper."

¶ 13 The trial court stated that it agreed "that mandates are required to be followed," but it believed section "110-5(f-5) allows the Court to revisit detention, conditions of release and things of that nature. So that is what I did." It then denied the petition for relief. The State timely appealed. Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024).

¶ 14                                        II. ANALYSIS

¶ 15 On July 3, 2025, the State filed a timely notice of appeal. On August 19, 2025, it filed its memorandum. In its motion for relief, the State argues that the trial court erred when it failed to detain the defendant following the appellate court's mandate in *People v. Walley*, No. 5-24-0801 (2024) (unpublished summary order under Illinois Supreme Court Rule 23(c)). In its memorandum, it states that this court "reversed the circuit court's release of defendant for the same

5

arrest arising from these same facts," but does not address the statement further. Instead, the State argues at length that the trial court erred when it found the initial proffered evidence was insufficient to detain the defendant.

¶ 16 On September 10, 2025, the defendant filed his response to the State's memorandum. He first asserts that the State has abandoned its argument in its petition for relief that the trial court erred when it did not follow this court's previous mandate. It avers that the State, in its memorandum, failed to argue this issue and instead argued only that the trial court erred in granting the defendant pretrial release. The defendant further argues that, if this court chooses to address the merits of the State's argument as set forth in its memorandum, this court should find that the trial court did not err.

¶ 17 We turn first to the defendant's assertion that the State's argument in its motion for relief that the trial court erred because it failed to follow this court's mandate has been forfeited. Rule 604(h)(7) states, in pertinent part:

> "The motion for relief will serve as the argument of the appellant on appeal. The appellant may file, but is not required to file, a memorandum not exceeding 4500 words, within 21 days of the filing of the record on appeal. Issues raised in the motion for relief are before the appellate court regardless of whether the optional memorandum is filed. If a memorandum is filed, it must identify which issues from the motion for relief are being advanced on appeal. Whether made in the motion for relief alone or as supplemented by the memorandum, the form of the appellant's arguments must contain sufficient detail to enable meaningful appellate review ***." Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024).

6

¶ 18    We note that the State's memorandum makes only a passing mention of the mandate when it states, "Moreover, this Court's mandate on January 13, 2025, reversed the circuit court's release of defendant for the same arrest arising from these same facts." No argument is set forth regarding the issue. When an argument for relief is not asserted in a memorandum, it is forfeited. See *People v. Drew*, 2024 IL (5th) 240697, ¶ 21 (issues raised in motion for relief but not argued in memorandum deemed abandoned); *People v. Sparks*, 2025 IL App (2d) 250090-U, ¶ 22; *People v. Jacobs*, 2025 IL App (2d) 250134-U, ¶ 28. Thus, we find the State has forfeited its argument. "However, forfeiture is a limitation on the parties and not the reviewing court, and we may overlook forfeiture where necessary to obtain a just result or maintain a sound body of precedent." *People v. Holmes*, 2016 IL App (1st) 132357, ¶ 65. Here, we have a unique situation, and, in order to maintain a sound body of precedent, we choose to overlook forfeiture in this instance.

¶ 19    We review *de novo* whether the trial court complied with an appellate court mandate. *People v. Payne*, 2018 IL App (3d) 160105, ¶ 9. Although a trial court may disagree with the appellate court's mandate, "once the reviewing court has rendered its decision and issued its mandate, it must be obeyed." *People v. Brown*, 2022 IL 127201, ¶ 28. The order entered on remand is the judgment of the appellate court, not that of the trial court. *Id.* ¶ 24. The trial court lacks the authority to hear any motion from any party and must take only the action that the mandate directs. See *id.* ¶ 21. For any party to assert that a mandate is erroneous and should not be followed by the trial court is an "impermissible attack on the judgment rendered by this court." (Internal quotation marks omitted.) *Id.* ¶ 26. Even if a mandate is erroneous, the trial court possesses "no authority to review—much less reverse—the [appellate] court's judgment." *People v. Murray*, 2023 IL App (4th) 220330, ¶ 12.

¶ 20    Here, we find that the trial court did not follow this court's mandate. Rather, it entertained the defendant's assertion that the mandate should not be followed due to the passage of time and the defendant's lack of violations during that time. The precedent is clear that the trial court must follow the mandate of the appellate court and, therefore, detain the defendant in this case. Therefore, we reverse the trial court's May 21, 2025, and June 30, 2025, orders, and remand the case to the trial court to order that the defendant be detained. Because we are reversing based on the mandate issue, we do not need to address the State's other argument as set forth in its memorandum.

¶ 21                                    III. CONCLUSION

¶ 22    For the reasons stated herein, the trial court failed to follow this court's previous mandate. Therefore, we reverse the trial court's May 21, 2025, and June 30, 2025, orders, and remand the case to the trial court.

¶ 23    Reversed and remanded with directions.