# Illinois Official Reports

## Appellate Court

***People v. Mitchell*, 2014 IL App (1st) 120080**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EPHRAIN MITCHELL, Defendant-Appellant. |
| District & No. | First District, Third Division<br>Docket No. 1-12-0080 |
| Filed | April 9, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a criminal prosecution where the appellate process resulted in defendant's sentences being vacated and a new sentencing hearing ordered, but the trial court merely ordered a new presentence investigation report, allowed defense counsel to address the court, and then corrected the mittimus, the appellate court again vacated defendant's sentence and remanded the matter for a resentencing hearing in compliance with the requirements of the Unified Code of Corrections, including consideration of the PSI and the factors listed in the statute and an opportunity for defendant to speak on his own behalf. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 03-CR-11983; the Hon. Thomas V. Gainer, Jr., Judge, presiding. |
| Judgment | Sentence vacated; remanded for resentencing hearing. |

| Counsel on Appeal | Michael J. Pelletier and Alison S. Shah, both of State Appellate Defender's Office, of Chicago, for appellant. |
|---|---|
| | Anita M. Alvarez, State's Attorney, of Chicago (William Toffenetti and Peter Maltese, Assistant State's Attorneys, of counsel), for the People. |
| Panel | PRESIDING JUSTICE HYMAN delivered the judgment of the court, with opinion.<br>Justices Neville and Pucinski concurred in the judgment and opinion. |

## OPINION

¶ 1    The legal system inadvertently stumbled after our supreme court and this court ordered that defendant Ephrain Mitchell's sentences be vacated and the trial court hold a new sentencing hearing. Instead, Mitchell was resentenced without a new sentencing hearing. What happened is regrettable but occurs from time to time due to the sheer volume of criminal cases, limited resources (both financial and personnel), paperwork, and the technical intricacies associated with the administration of criminal justice.

¶ 2    Mitchell appeals from the dismissal, on motion of the State, of his petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2010)). Mitchell asks that we again vacate his sentences and remand for a new sentencing hearing or that the mittimus be corrected to reflect the proper amount of presentence custody credit. Mitchell deserves the hearing he was promised. We vacate his sentences and remand for a new sentencing hearing.

¶ 3    A jury convicted Ephrain Mitchell of aggravated vehicular hijacking, aggravated battery with a firearm, and armed robbery. The trial court sentenced him to concurrent terms of 30 years' imprisonment on all three convictions. We affirmed the judgment on direct appeal. In the course of doing so, we also denied the State's request to impose 15-year sentence enhancements relating to armed robbery and aggravated vehicular hijacking, holding that Mitchell's sentence was not void. *People v. Mitchell*, No. 1-04-3006 (2006) (unpublished order under Supreme Court Rule 23).

¶ 4    On September 26, 2007, our supreme court, in the exercise of its supervisory authority, directed us to vacate the portion of our judgment affirming Mitchell's sentence and remand to the trial court with directions that Mitchell be sentenced to a term of between 6 and 30 years in prison, in accord with section 18-2 of the Criminal Code of 1961 (720 ILCS 5/18-2 (West 1998)), as it existed before being amended by Public Act 91-404, effective January 1, 2000. *People v. Mitchell*, No. 103380 (Ill. Sept. 26, 2007) (supervisory order). On November 29, 2007, we entered the order, vacating our affirmance of Mitchell's sentence and remanding with the directions specified by the supreme court.

¶ 5        Mitchell appeared in court on February 20, 2008. The trial court recited the procedural background, including that the cause had been remanded for resentencing. The trial court appointed the public defender and "remanded" Mitchell to Cook County jail until resentencing. When the public defender asked whether a presentence investigation report was on file, the trial court indicated that a new one should be ordered.

¶ 6        After several continuances, Mitchell again appeared before the trial court, on June 19, 2008. The assistant State's Attorney indicated that Mitchell's conviction and sentence had been affirmed and stated, "I'm not sure that the case needs then to be in front of the court." The trial court noted that it had a letter from the clerk of the appellate court indicating that "there were orders dated November 29, 2007," but also stated it was "clear" that the trial court's judgment had been affirmed. Accordingly, the trial court "remanded" Mitchell to the Illinois Department of Corrections to continue his sentence.

¶ 7        Mitchell next appeared in court on August 18, 2008. When the case was announced, the trial court asked, "Why are we adding this case to the call?" The assistant State's Attorney responded that Mitchell was there on a reverse and remand for resentencing. Noting that Mitchell was originally sentenced to 30 years and that the remand order indicated Mitchell was to be sentenced to a term of between 6 and 30 years, she stated, "I think what he needs is a mittimus stating he's resentenced to 30 years, as opposed to he's just to serve out his term." Defense counsel added:

> "His sentence was reversed and remanded for resentencing with the 6 to 30. It was very confusing because he had been sentenced between 6 and 30. I suppose, unless you want to reduce his sentence for some reason, that the mitt needs to reflect precisely what he's being sentenced to, which would be, unless you want to reduce it, of course, 30 years with full credit up to today."

The trial court ruled that the mittimus would be corrected and stated, "I guess it is further ordered that this defendant is resentenced to the sentences outlined above. These sentences are to run concurrently. Credit 1,423 days time served. Off call."

¶ 8        Mitchell thereafter filed a *pro se* postconviction petition. After 90 days passed, the trial court appointed counsel. Subsequently, counsel filed a motion to withdraw, citing *People v. Greer*, 212 Ill. 2d 192 (2004), and the State filed a motion to dismiss the petition. The trial court granted both motions.

¶ 9        On appeal, Mitchell contends that where the Illinois Supreme Court ordered that his sentence be vacated and the cause be remanded for resentencing, but the trial court resentenced him without affording him a new sentencing hearing, the resulting sentence is void and must be vacated. Relying on section 5-5-3(d) of the Unified Code of Corrections (Code) (730 ILCS 5/5-5-3(d) (West 2006)), which requires a new sentencing hearing on remand when a defendant's sentence is vacated, Mitchell asserts that his sentence is void because the trial court did not conform to statutory requirements. The State counters that because Mitchell has not raised a jurisdictional challenge, his sentence is not void, and it argues that Mitchell has forfeited his claim by failing to file a motion to reconsider sentence and failing to include the issue in his postconviction petition or an amended postconviction petition. See *People v. Johnson*, 154 Ill. 2d 227, 233 (1993) (claims not raised in petition for postconviction relief are waived for review). The State further maintains that Mitchell did receive a sentencing hearing on remand, as a new presentence investigation (PSI) report was ordered and defense counsel had an opportunity to address the court.

¶ 10    We need not determine whether Mitchell's sentence is void or the issue is forfeited. The fact that the reviewing court's mandate was not carried out and no new sentencing hearing took place cannot be easily dismissed. See *People v. Stephens*, 2012 IL App (1st) 110296, ¶ 123 (in failing to conduct new sentencing hearing, trial court failed to obey mandate of reviewing court).

¶ 11    Section 5-5-3(d) of the Code provides, in relevant part:

"In any case in which a sentence originally imposed is vacated, the case shall be remanded to the trial court. The trial court shall hold a hearing under Section 5-4-1 of the Unified Code of Corrections which may include evidence of the defendant's life, moral character and occupation during the time since the original sentence was passed. The trial court shall then impose sentence upon the defendant." 730 ILCS 5/5-5-3(d) (West 2006).

In turn, section 5-4-1 provides that at a sentencing hearing, a trial court shall:

"(1) consider the evidence, if any, received upon the trial;

(2) consider any presentence reports;

(3) consider the financial impact of incarceration based on the financial impact statement filed with the clerk of the court by the Department of Corrections;

(4) consider evidence and information offered by the parties in aggravation and mitigation;

(4.5) consider substance abuse treatment, eligibility screening, and an assessment, if any, of the defendant by an agent designated by the State of Illinois to provide assessment services for the Illinois courts;

(5) hear arguments as to sentencing alternatives;

(6) afford the defendant the opportunity to make a statement in his own behalf[.]" 730 ILCS 5/5-4-1(a)(1)-(6) (West 2006).

¶ 12    Under the language of these statutory sections, once we remanded the cause for resentencing, the trial court had no choice but to hold a hearing to consider evidence from trial, any presentence investigation reports, the financial impact of incarceration, evidence in aggravation and mitigation, the possibility of substance abuse treatment, and sentencing alternatives. The court also was to have afforded Mitchell an opportunity to make a statement on his own behalf and had the option of considering evidence of Mitchell's life, moral character, and occupation during the time since the original sentence.

¶ 13    None of these things took place.

¶ 14    On November 29, 2007, we vacated Mitchell's sentence and remanded with directions that Mitchell be resentenced. A new presentence investigation report was ordered. But the record indicates that the court never considered that report. After several status dates passed, the attorneys and the trial court seem to have temporarily lost track that Mitchell's sentence had been vacated. When the case was called on June 19, 2008, the assistant State's Attorney represented that given Mitchell's conviction and sentence had been affirmed, there was no reason to keep the case on the court's call. The trial court echoed that sentiment by stating its own belief that Mitchell's sentence had been affirmed, and directed that Mitchell be sent to the Illinois Department of Corrections to continue his sentence.

¶ 15    Then, the next time the case was called, on August 18, 2008, the trial court immediately asked, "Why are we adding this case to the call?" The assistant State's Attorney answered that

the case had been remanded for resentencing, but suggested that all that was necessary was a correction to the mittimus. After defense counsel agreed with this recommendation, the trial court stated that Mitchell would be resentenced to his prior sentence of 30 years' imprisonment and ordered that the mittimus be corrected.

¶ 16 We disagree with the State's position that these proceedings constitute a sentencing hearing due to a new PSI report having been ordered and defense counsel having had an opportunity to address the court. All that happened here was the trial court ordering correction of the mittimus. No consideration of any of the factors enumerated in section 5-4-1(a). No opportunity for Mitchell to speak on his own behalf. No hearing. Mistakes can be made without anyone noticing or realizing it. While perfection in the administration of justice always should be an aspiration, in reality it will never be more than that, which is why we have reviewing courts.

¶ 17 This court has the inherent authority to compel compliance with our orders. *Stephens*, 2012 IL App (1st) 110296, ¶ 123. Accordingly, we again vacate Mitchell's sentence and remand for a resentencing hearing with directions that Mitchell be sentenced to a term of between 6 and 30 years in prison. On remand, the trial court must conduct a resentencing hearing in compliance with our mandate and the requirements of sections 5-5-3(d) and 5-4-1(a) of the Code. 730 ILCS 5/5-4-1(a)(1)-(6), 5-5-3(d) (West 2006). A new mittimus should be prepared following the resentencing hearing.

¶ 18 Given our disposition, we do not reach Mitchell's alternate contention on appeal, *i.e.*, that the mittimus must be corrected to reflect the proper amount of presentence custody credit.

¶ 19 Sentence vacated; remanded for resentencing hearing.