NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 231223-U

NO. 4-23-1223

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 23, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Fulton County |
| CHADWICK N. BARNER, | ) | No. 15CF80 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Nigel D. Graham, |
| | ) | Judge Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Justices Harris and DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court remanded to the trial court for a preliminary *Krankel* inquiry on any new claims of ineffective assistance of counsel that defendant wishes to raise, as the trial court erroneously interpreted a prior appellate court mandate to prevent defendant from raising new claims.

¶ 2    Defendant, Chadwick N. Barner, appeals from the trial court's judgment following a second remand for a preliminary *Krankel* inquiry (see *People v. Krankel*, 102 Ill. 2d 181 (1984)). The trial court, on remand, conducted a preliminary *Krankel* inquiry and full hearing on the two claims specified in the Third District's mandate, ultimately finding them meritless, but refused to hear any additional claims. On appeal, defendant argues that the court erroneously limited the proceedings on remand to only these two claims of ineffective assistance of counsel, prohibiting him from raising new claims. We affirm the judgment with respect to the two claims the trial court did address. However, we agree with defendant that the mandate did not bar the trial court from

hearing any new claims and thus remand to the trial court to conduct a preliminary *Krankel* inquiry on any new claims of ineffective assistance of counsel that defendant wishes to raise.

¶ 3                                    I. BACKGROUND

¶ 4        We provide only the facts necessary to understand the dispositive *Krankel* issue. In 2015, a jury convicted defendant of aggravated fleeing or attempting to elude a peace officer (625 ILCS 5/11-204.1(a)(1) (West 2014)), attempted first degree murder (720 ILCS 5/8-4(a), 9-1 (West 2014)), and aggravated battery (720 ILCS 5/12-3.05(d)(4)(i) (West 2014)). On December 3, 2015, the trial court sentenced defendant to 40 years in prison for attempted first degree murder, 14 years for aggravated battery, and 6 years for aggravated fleeing or attempting to elude a peace officer. On appeal for the first time, the Third District affirmed the attempted first degree murder conviction but reversed defendant's convictions for aggravated fleeing or attempting to elude a peace officer and aggravated battery for insufficient evidence. It then remanded the case to the trial court for a *Krankel* inquiry on defendant's claims of ineffective assistance of counsel. *People v. Barner*, 2018 IL App (3d) 160023-U, ¶ 81.

¶ 5        The trial court conducted a *Krankel* inquiry on July 6, 2020, where defendant appeared *pro se* and presented 20 claims of ineffective assistance of counsel. The court continued the inquiry on defendant's speedy trial claim until his trial counsel was able to testify. On October 16, 2020, the trial court resumed the preliminary *Krankel* inquiry on that claim, heard trial counsel's testimony, and allowed the State to respond. The court determined defendant's claims of ineffective assistance lacked merit and thus declined to appoint counsel to represent defendant on any of his claims.

¶ 6        Defendant appealed to the Third District for the second time to challenge the trial court's denial of his claims on both the merits and procedure. He argued that the court failed to

conduct an adequate inquiry into his claims because (1) it allowed the State to participate at the hearing and (2) the hearing was cursory. The Third District affirmed in part and reversed in part, holding that the court failed to conduct an adequate inquiry on only two issues: trial counsel's failure to present mitigating evidence at sentencing and trial counsel's possible conflict of interest. *People v. Barner*, 2022 IL App (3d) 200433-U, ¶ 42 (*Barner II*). It explained that "[o]n those two claims—and only on those two claims—we hold that the circuit court erred. Accordingly, we remand the case for a proper *Krankel* inquiry on those two claims—without the State's input and before a different judge." *Barner II*, 2022 IL App (3d) 200433-U, ¶ 42.

¶ 7        On May 18, 2023, a different judge proceeded with a preliminary *Krankel* inquiry and gave defendant the opportunity to question his trial counsel. During his direct examination, defendant attempted to "amend a claim of ineffective assistance of counsel" on a new basis. The trial court did not allow this due to the "specific directions from the Third District to conduct a further inquiry into [defendant's two] claims," which the court interpreted to mean that "those are the only two claims before the Court today." Because the court found "possible neglect on the part of trial counsel" on those claims, it "allow[ed] the matter to proceed to a full hearing on those issues as narrowed down by the Appellate Court" and appointed new counsel to represent defendant at the full *Krankel* hearing. At the hearing on August 3, 2023, the court heard testimony from defendant and his trial counsel. It ultimately denied both claims and later denied defendant's motion to reconsider.

¶ 8        This appeal followed.

¶ 9                                    II. ANALYSIS

¶ 10        In this appeal, defendant argues that the trial court misinterpreted the Third District's mandate in *Barner II* and inappropriately limited the preliminary *Krankel* inquiry and

full hearing on the second remand to the two claims the appellate court identified. He requests that this court reverse the denial of his claims of ineffective assistance of counsel and remand with the appointment of counsel for a new evidentiary hearing to allow the presentation of additional claims of ineffective assistance.

¶ 11　　　　In *Krankel*, the Illinois Supreme Court developed a common-law procedure for a defendant to raise *pro se* posttrial claims of ineffective assistance of counsel. This procedure " 'promote[s] consideration of *pro se* ineffective assistance claims in the trial court' " and " 'limit[s] issues on appeal' " by " 'allowing the trial court to decide whether to appoint independent counsel to argue a defendant's *pro se* posttrial ineffective assistance claims.' " *People v. Jackson*, 2020 IL 124112, ¶ 95 (quoting *People v. Patrick*, 2011 IL 111666, ¶¶ 39, 41). The trial court first holds a preliminary inquiry where a *pro se* defendant presents his ineffective assistance claims. If the court determines that the "allegations show possible neglect of the case," it appoints counsel to represent the defendant at a "hearing on the *pro se* claim of ineffective assistance of counsel." *Jackson*, 2020 IL 124112, ¶ 97.

¶ 12　　　　Here, the Third District's 2022 remand in *Barner II* required the trial court to conduct a new preliminary *Krankel* inquiry on two of defendant's claims to determine if there was possible neglect. Specifically, because the Third District found that "the circuit court erred" on 2 of defendant's 20 claims—"and only on those two claims"—it remanded the case "for a proper *Krankel* inquiry on those two claims—without the State's input and before a different judge." *Barner II*, 2022 IL App (3d) 200433-U, ¶ 42. The trial court interpreted this mandate to limit its authority to hear only those two claims and thus prevented defendant from presenting any additional, previously unaddressed claims. On appeal, defendant contends that this interpretation of the mandate was erroneous. Whether the trial court "exercise[d] its discretion within the bounds

of the remand" is "a question of law" that we review *de novo*. *Clemons v. Mechanical Devices Co.*, 202 Ill. 2d 344, 351 (2002).

¶ 13       " '[W]here a case has been tried in this court, and remanded with specific directions to dismiss the bill, or do some other act, the court below has no power to do any thing but carry out the specific directions.' " *People v. Brown*, 2022 IL 127201, ¶ 21 (quoting *Boggs v. Willard*, 70 Ill. 315, 316 (1873)). "It is the duty of the circuit court to execute the mandate of this court, and where our directions are 'precise and unambiguous,' the circuit court may not look elsewhere for authority to change the mandate's meaning or direction." *Brown*, 2022 IL 127201, ¶ 21 (quoting *Fisher v. Burks*, 285 Ill. 290, 293 (1918)).

¶ 14       Defendant argues that the Third District's mandate in *Barner II* did not preclude the trial court from considering additional, previously unaddressed claims at the *Krankel* inquiry, as the "second operative clause chose not to use the exclusionary word 'only.' " We agree that this is a reasonable interpretation of *Barner II*. In *People v. Gonzalez*, 407 Ill. App. 3d 1026, 1037-38 (2011), the mandate at issue was "general," stating that the trial court's judgment was " 'vacated and remanded for an evidentiary hearing on the defendant's postconviction petition' " and that the court "had to address" a certain claim on remand (quoting *People v. Gonzalez*, No. 2-01-1329, 7 (2003) (unpublished order under Illinois Supreme Court Rule 23)). The court on remand allowed the defendant to file an amended postconviction petition. *Gonzalez*, 407 Ill. App. 3d at 1030. On a successive appeal, the Second District explained that its mandate in the 2003 appeal "did not otherwise dictate the scope of the evidentiary hearing," so "allowing the defendant to amend his postconviction petition and to present the new claim at the evidentiary hearing did not exceed our mandate." *Gonzalez*, 407 Ill. App. 3d at 1038.

¶ 15 Attempting to distinguish *Gonzalez*, the State notes that the mandate in *Gonzalez* required a hearing encompassing or "addressing" a postconviction petition, whereas the mandate in *Barner II* required a hearing "on" two claims of ineffective assistance. In the context of this case, the State's attempt to split hairs is unpersuasive. *Barner II* involved an appeal from the trial court's preliminary *Krankel* inquiry of 20 claims. The Third District's statement that the trial court erred "only on" two claims necessarily meant that it affirmed the court's holding that the other 18 claims raised at the inquiry were meritless. *Barner II*, 2022 IL App (3d) 100433-U, ¶¶ 42, 45 (affirming the judgment in part). The court in *Barner II* then remanded for "a proper *Krankel* inquiry on those two claims." *Barner II*, 2022 IL App (3d) 100433-U, ¶ 42. However, this mandate did not contain any precise and unambiguous language preventing the court from considering any additional or new claims—instead, the language merely prohibited the court from reconsidering the claims that had already been raised and were found meritless. See *People v. Abraham*, 324 Ill. App. 3d 26, 30 (2001) ("Issues not actually decided by the reviewing court, as well as those not at issue in the appeal, may be considered following remand."). Notably, the court in *Barner II* did not expressly address the question of whether defendant could raise additional claims of ineffective assistance on remand. The court therefore erred on remand in concluding it lacked authority to conduct a preliminary *Krankel* inquiry with respect to any additional or new claims of ineffective assistance.

¶ 16 Moreover, recent appellate decisions have required trial courts to conduct multiple preliminary *Krankel* inquiries if a defendant brings successive *pro se* motions alleging ineffective assistance. In *People v. Horman*, 2018 IL App (3d) 160423, ¶ 26, the defendant "sent multiple letters to the court raising additional claims of ineffective assistance of counsel." The Third District stated that "the public policy considerations discussed by our supreme court in [*People v. Ayres*,

- 6 -

2017 IL 117142,] appear to support the contention that a defendant could raise multiple ineffective assistance of counsel claims posttrial that require successive *Krankel* proceedings." *Horman*, 2018 IL App (3d) 160423, ¶ 27. It explained that the "court could not have ignored" the defendant's new claims of ineffective assistance if he had "orally pronounced his allegations in open court," so "[t]he fact that [the defendant] brought the claims in separate letters does not change this duty," and in fact, "allowing only one preliminary *Krankel* hearing would lead to absurd results." *Horman*, 2018 IL App (3d) 160423, ¶ 29; see *People v. Butler*, 2024 IL App (1st) 221287-U, ¶ 67 (stating the trial court was required to consider a new oral claim of ineffective assistance raised during a preliminary *Krankel* inquiry, even though that claim was not in the defendant's written motion, as "even if a defendant makes a later claim of ineffective assistance after he has already made one in a separate filing or hearing, the court must make further inquiry into the new claims"); *People v. Knox*, 2023 IL App (3d) 210308-U, ¶¶ 9, 21 (stating the trial court was required to hold a second *Krankel* inquiry where the defendant's second motion was made after the verdict and initial *Krankel* inquiry but before sentencing); *People v. Roberson*, 2021 IL App (3d) 190212, ¶ 19; *People v. Main*, 2024 IL App (2d) 230061-U, ¶ 43.

¶ 17         Here, the trial court did exactly what *Horman* said a court could not do—it ignored defendant's new claims of ineffective assistance, even though he orally announced his allegations in open court at the preliminary *Krankel* inquiry on May 18, 2023. Under this reasoning, a trial court with jurisdiction of postjudgment proceedings should address all *pro se* allegations of ineffective assistance whenever and however they are brought to the court's attention. As *Horman* points out, the court "need not conduct a separate inquiry immediately after receiving each letter"; rather, it "could have addressed five of defendant's letters when defendant was in court for the sentencing hearing," which, in that case, "may have prevented defendant from sending another

- 7 -

letter after sentencing." *Horman*, 2018 IL App (3d) 160423, ¶ 30. Similarly, had the court in this case allowed defendant to present his new claims of ineffective assistance of counsel at the preliminary *Krankel* inquiry, this appeal may have been avoided.

¶ 18 Nevertheless, the State contends that the trial court did not abuse its discretion in denying defendant's request to raise new issues at the preliminary *Krankel* inquiry because they were frivolous. However, this argument not only assumes that they were the only issues that defendant would have raised had the court not cut him off, but it is also speculative. The very purpose of a *Krankel* inquiry is to "create the necessary record for any claims raised on appeal." *Jackson*, 2020 IL 124112, ¶ 112. Because the record does not show the basis for the claims that defendant attempted to raise or what other new claims he would have raised, there is no record to establish whether such claims would be frivolous. We will not speculate as to what other claims defendant would have brought or whether they would have merit.

¶ 19 Though defendant requests this court to reverse and remand "for a new evidentiary hearing with instructions that counsel be appointed," this is not the correct remedy under the circumstances. Notably, defendant does not argue on appeal that the trial court erred in determining that there was no merit to his claims that his trial counsel was ineffective for (1) failing to present mitigating evidence at sentencing and (2) having a conflict of interest. Defendant has thus forfeited these issues in this appeal. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited"). The court's determination on the merits of those two claims precludes defendant from litigating these two issues again, along with the other 18 issues the Third District found meritless in *Barner II*. Moreover, defendant is putting the cart before the horse by suggesting he is entitled to counsel and an evidentiary hearing on remand, as the trial court has not yet determined whether defendant has any potentially meritorious ineffective assistance claims that have not yet been

addressed. Because the court erred in preventing defendant from raising additional claims at the preliminary *Krankel* inquiry on May 18, 2023, we remand for a preliminary *Krankel* inquiry on any new claims that defendant wishes to raise *pro se*, as *Krankel* envisions. If any of these new claims show possible neglect, the court should then appoint counsel to represent defendant at a full evidentiary hearing.

¶ 20                              III. CONCLUSION

¶ 21             For the reasons stated, we affirm the trial court's judgment that defendant did not show his trial counsel was ineffective for (1) failing to present mitigating evidence at sentencing and (2) having a conflict of interest. However, we remand the matter with directions that the court conduct a preliminary *Krankel* inquiry with respect to any *pro se* claims of ineffective assistance defendant wishes to raise that have not been previously addressed.

¶ 22             Affirmed in part and remanded with directions.