NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 240522-U

NO. 4-24-0522

IN THE APPELLATE COURT

FILED
December 30, 2024
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Rock Island County |
| CORY C. GREGORY, | ) | No. 05CF76 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Peter W. Church, |
| | ) | Judge Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Justices Vancil and Grischow concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Appellate court vacated trial court order reimposing defendant's original sentence
where the trial court failed to comply with appellate court's mandate to hold a new
sentencing hearing.

¶ 2        In 2006, defendant, Cory C. Gregory, pled guilty to first degree murder (720 ILCS
5/9-1(a)(2) (West 2004)) and concealment of a homicidal death (720 ILCS 5/9-3.1(a) (West
2004)). The trial court sentenced defendant to consecutive prison terms of 40 years for murder and
5 years for concealment. Nine years later, defendant filed a successive postconviction petition
asserting that the sentence was unconstitutional. The trial court granted defendant's petition and
ordered a new sentencing hearing. The State appealed, and the appellate court affirmed the trial
court's order. *People v. Gregory*, 2020 IL App (3d) 190261, ¶¶ 44-45. The appellate court issued
its mandate, and the case was remanded to the trial court. Before resentencing, the State filed a
motion arguing that the trial court was required to reimpose defendant's original sentence pursuant

to new supreme court case law. After allowing the parties to present arguments and evidence, the trial court agreed with the State and reimposed defendant's original sentence. Defendant appeals, arguing that the trial court failed to comply with the appellate court's mandate. For the reasons that follow, we vacate the trial court's order and remand for a new sentencing hearing.

¶ 3                                    I. BACKGROUND

¶ 4              A. Defendant's Guilty Plea, Direct Appeal and First Postconviction Petition

¶ 5              In 2005, defendant, a 17-year-old, was charged with two counts of first degree murder (720 ILCS 5/9-1(a)(1)-(2) (West 2004)) and one count of concealment of a homicidal death (720 ILCS 5/9-3.1(a) (West 2004)). In 2006, defendant entered into a guilty plea agreement with the State, pursuant to which defendant agreed to plead guilty to one count of first degree murder and concealment of a homicidal death in exchange for the State dismissing the other count of murder and recommending a 40-year sentencing cap on the remaining murder charge. The parties also agreed that defendant's sentences would be served consecutively. Following a sentencing hearing, the trial court sentenced defendant to consecutive prison terms of 40 years for first degree murder and 5 years for concealment of a homicidal death.

¶ 6              Shortly thereafter, defendant filed a motion to withdraw guilty plea, which the trial court denied. Defendant appealed the denial of that motion, and the appellate court affirmed the judgment. *People v. Gregory*, No. 3-08-0293 (2009) (unpublished order under Illinois Supreme Court Rule 23). In 2010, defendant filed a postconviction petition, which the trial court summarily dismissed.

¶ 7                      B. New Law with Respect to Juvenile Offenders

¶ 8              In 2012, the United States Supreme Court decided *Miller v. Alabama*, 567 U.S. 460, 479 (2012), holding that imposing a mandatory life sentence on a juvenile offender violates the

eighth amendment of the United States Constitution (U.S. Const., amend. VIII). In 2014, the Illinois Supreme Court held that *Miller* applies retroactively to cases on collateral review. See *People v. Davis*, 2014 IL 115595, ¶ 43.

¶ 9                    C. Defendant's Filing of Successive Postconviction Petition

¶ 10             In 2015, defendant requested leave to file a successive postconviction petition, which the trial court allowed. Defendant's petition asserted that, pursuant to the Supreme Court's decision in *Miller*, the court's sentence violated the eighth amendment of the United States Constitution, as well as the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). The State filed a motion to dismiss the petition.

¶ 11              D. More Legal Changes Related to Sentencing Juvenile Offenders

¶ 12             In 2016, the United States Supreme Court agreed with our supreme court's decision in *Davis* that *Miller* applies retroactively to juveniles already sentenced. *Montgomery v. Louisiana*, 577 U.S. 190, 212 (2016). That same year, our supreme court extended *Miller*'s holding to include not only natural life sentences but also mandatory *de facto* life sentences. *People v. Reyes*, 2016 IL 119271, ¶ 9. The following year, our supreme court extended *Miller*'s protections again to include discretionary *de facto* life sentences. *People v. Holman*, 2017 IL 120655, ¶ 40, *overruled by People v. Wilson*, 2023 IL 127666. Two years later, our supreme court ruled that any sentence over 40 years constitutes a *de facto* life sentence. *People v. Buffer*, 2019 IL 122327, ¶ 40.

¶ 13              E. Proceedings on Defendant's Successive Postconviction Petition

¶ 14             In May 2019, the trial court held a hearing on defendant's successive postconviction petition. At the hearing, the court dismissed defendant's proportionate penalties claim but ruled that defendant's eighth amendment claim had merit based on the supreme court's decision in

*Buffer*. The court granted defendant's successive postconviction petition and ordered "a new sentencing hearing."

¶ 15    The State appealed the trial court's order. Relying on *Miller*, *Holman* and *Buffer*, the appellate court affirmed the judgment, ruling "defendant was sentenced in violation of the eighth amendment." *People v. Gregory*, 2020 IL App (3d) 190261, ¶ 42. The appellate court issued its mandate on September 28, 2020.

¶ 16                            F. Remand to the Trial Court

¶ 17    In January 2021, the trial court ordered an updated presentence investigation report (PSI) to be prepared. Six months later, the updated PSI was filed with the court.

¶ 18    Also in 2021, the United States Supreme Court decided *Jones v. Mississippi*, 593 U.S. 98, 104-05 (2021), clarifying that *Miller* does not apply when a trial court issues a discretionary, rather than mandatory, life sentence to a juvenile. Later that same year, our supreme court decided *People v. Jones*, 2021 IL 126432, ¶ 26, holding that a juvenile defendant who pleads guilty cannot claim his sentence violates the eighth amendment. The court also reaffirmed the Supreme Court's holding that *Miller* does not apply when a trial court issues a discretionary sentence and further found that the trial court exercised its discretion when it imposed a sentence pursuant to a guilty-plea agreement. *Jones*, 2021 IL 126432, ¶¶ 27-28.

¶ 19    The trial court scheduled defendant's sentencing hearing for March 9, 2022. On March 3, 2022, the State filed a motion arguing that, pursuant to our supreme court's decision in *Jones*, 2021 IL 126432, defendant's original sentence should be reimposed.

¶ 20                            G. Defendant's Resentencing

¶ 21    On March 9, 2022, the trial court held what it referred to as defendant's "resentencing hearing" The parties stipulated to admission of a report prepared by Dr. James

Garbarino, a developmental psychologist who reviewed defendant's history. Dr. Garbarino used defendant's preferred pronouns of "she" and "her" in referring to defendant throughout the report.

¶ 22    In his report, Dr. Garbarino addressed defendant's age at the time of the crimes and found that defendant's "behavior reflected impulsiveness and limited consideration of consequences due to her immature brain development." Dr. Garbarino opined that defendant's criminal behavior was partly the result of defendant's traumatic childhood, during which defendant encountered domestic violence, physical and emotional abuse, substance abuse, neglect, parental separation, sexual abuse, and mental health problems. Dr. Garbarino believed that defendant "has demonstrated resilience, rehabilitation, and transformation in overcoming the extreme adversity of her childhood and adolescence." Dr. Garbarino opined that "the developmentally ideal sentence for juvenile murderers who cannot be rehabilitated and released within the context of the juvenile justice system is 20 years (10 years to reach the point of brain maturity and 10 more years to use that mature brain in the service of rehabilitation and transformation)." (Emphases removed.)

¶ 23    The State argued that our supreme court's decision in *Jones*, 2021 IL 126432, was controlling and required that defendant be bound by the guilty-plea agreement and original prison sentence. The State alternatively argued that the trial court should slightly reduce defendant's murder sentence so that defendant's aggregate sentence would be 40 years and, therefore, not a *de facto* life sentence.

¶ 24    Defendant responded that *Jones* did not apply (and potentially violated) the United States Constitution. Defendant also argued that several mitigating factors existed, including defendant's age at the time of the crimes and defendant's very troubled childhood. Defendant urged the trial court to "follow the advice of the professional in this case and suggest that the

sentence of 20 years is appropriate and *** that is backed up by what the doctor has recommended."

¶ 25        The State called the victim's stepmother, Joanna Reynolds, to provide a statement to the trial court. Defendant also provided a statement in allocution.

¶ 26        After defendant's statement, the trial court stated that "typically" at that point in a sentencing hearing, it would "look at factors in mitigation *** [and] factors in aggravation." However, the court stated:

> "In this particular case the State has raised an additional issue at the sentencing hearing which is [that] we're not in our typical procedural posture. This case is now here after a post-conviction petition hearing. So this is not a sentencing hearing after either a plea of guilty or a trial, the case has been pending obviously for a long time. It's been through the post-conviction process and the State has argued in this particular instance that even though the court granted [defendant] a new sentencing hearing based on the Court's view of the *Miller* case, it's [*sic*] progeny and then subsequently that *Buffer* case which did come down from the Supreme Court. The Court viewed its obligation under the law to give [defendant] a new sentencing hearing. And the Appellate Court, Third District, affirmed the Court with regard to that decision.
>
> Notwithstanding that, the Court does in fact find that the recent Illinois Supreme Court case, *People v. Jones*, 2021 IL 126432, is in fact directly on point."

¶ 27        The trial court determined that *Jones* required it "to impose the same sentence that was imposed at the original sentencing hearing." Thus, the court resentenced defendant to

consecutive prison terms of 40 years for first degree murder and 5 years for concealment of a homicidal death.

¶ 28     This appeal followed.

¶ 29                              II. ANALYSIS

¶ 30     On appeal, defendant argues that the trial court failed to comply with the appellate court's mandate to hold a new sentencing hearing. The State concedes that the trial court did not hold a sentencing hearing but contends that it was not required to do so based on supreme court case law decided after the mandate was issued.

¶ 31     "[A] trial court must obey the clear and unambiguous directions in a mandate issued by a reviewing court." *People ex rel. Daley v. Schreier*, 92 Ill. 2d 271, 276 (1982). "[W]hen a reviewing court issues a mandate, it vests the trial court with jurisdiction to take only such action as conforms to that mandate." *Schreier*, 92 Ill. 2d at 276. Even if the reviewing court's directions in a mandate are erroneous, the trial court must "strictly follow those directions." *Schreier*, 92 Ill. 2d at 277. Whether the trial court complied with an appellate court's mandate is a question of law that we review *de novo*. *People v. Payne*, 2018 IL App (3d) 160105, ¶ 9.

¶ 32     A trial court has no power to set aside, ignore or deviate from the directions in a reviewing court's mandate. See *People v. Brown*, 2022 IL 127201, ¶ 22; *People v. Murray*, 2023 IL App (4th) 220330, ¶ 10. This is because the order entered on remand is not that of the trial court but is the judgment of the appellate court. *Brown*, 2022 IL 127201, ¶ 24; *Murray*, 2023 IL App (4th) 220330, ¶ 18. "[A]n order entered after remand is merely the ministerial act of implementing the [appellate] court's judgment and must be regarded as '*free from error*.' " (Emphasis in original.) *Murray*, 2023 IL App (4th) 220330, ¶ 18 (quoting *Brown*, 2022 IL 127201, ¶ 24).

¶ 33 A trial court may disagree with the reviewing court's mandate, "but once the reviewing court has rendered its decision and issued its mandate, it must be obeyed." *Brown*, 2022 IL 127201, ¶ 28. A trial court "may not look elsewhere for authority to change the mandate's meaning or direction." *Brown*, 2022 IL 127201, ¶ 21. An erroneous mandate can be corrected "only in the appellate court whose judgment it is." (Internal quotation marks omitted.) *Brown*, 2022 IL 127201, ¶ 25; see also *Murray*, 2023 IL App (4th) 220330, ¶ 15 ("[I]f the supreme court's mandate is wrong, only the supreme court can furnish a remedy.").

¶ 34 On remand, the trial court has no authority to entertain any motion from any party or take any action other than what the mandate directs. See *Brown*, 2022 IL 127201, ¶ 29. A party's assertion that a mandate is incorrect and should not be followed by the trial court is an "impermissible attack on the judgment rendered by this court." (Internal quotation marks omitted.) *Brown*, 2022 IL 127201, ¶ 26.

¶ 35 When a reviewing court issues a mandate remanding a case to the trial court for resentencing, even if the mandate is erroneous, the trial court has "no discretion to do anything other than sentence defendant in conformity with the *** mandate." *Murray*, 2023 IL App (4th) 220330, ¶ 12. The trial court "has "no authority to review—much less reverse—the [appellate] court's judgment." *Murray*, 2023 IL App (4th) 220330, ¶ 12.

¶ 36 When a case is remanded for resentencing, section 5-5-3(d) of the Unified Code of Corrections (Code) (730 ILCS 5/5-5-3(d) (West 2022)) applies. That section provides in relevant part:

> "In any case in which a sentence originally imposed is vacated, the case shall be remanded to the trial court. The trial court shall hold a hearing under Section 5-4-1 of this Code which may include evidence of the defendant's life, moral character

and occupation during the time since the original sentence was passed. The trial court shall then impose sentence upon the defendant." 730 ILCS 5/5-5-3(d) (West 2022).

¶ 37 In turn, section 5-4-1 of the Code provides that at a sentencing hearing, a trial court shall:

"(1) consider the evidence, if any, received upon the trial;

(2) consider any presentence reports;

(3) consider the financial impact of incarceration based on the financial impact statement filed with the clerk of the court by the Department of Corrections;

(4) consider evidence and information offered by the parties in aggravation and mitigation;

(4.5) consider substance abuse treatment, eligibility screening, and an assessment, if any, of the defendant by an agent designated by the State of Illinois to provide assessment services for the Illinois courts;

(5) hear arguments as to sentencing alternatives;

(6) afford the defendant the opportunity to make a statement in his own behalf;

(7) afford the victim of a violent crime *** the opportunity to present an oral or written statement ***. *** The court may allow persons impacted by the crime who are not victims *** to present an oral or written statement[.]" 730 ILCS 5/5-4-1(a)(1)-(7) (West 2022).

"The sentencing hearing is an inquiry into pertinent facts and circumstances to enable the court to exercise its discretion in determining the length of a sentence." *People v. Irby*, 237 Ill. App. 3d 38, 70 (1992).

¶ 38    Here, the appellate court's mandate required the trial court to hold "a new sentencing hearing." As the State concedes on appeal, the trial court did not hold a new sentencing hearing. While the court fulfilled some of the requirements of a sentencing hearing by ordering a new PSI, hearing arguments from counsel, and allowing defendant and the victim's stepmother to provide statements to the court, the court expressly stated that it did not consider the evidence in aggravation or mitigation, the contents of the updated PSI, or any other evidence presented at the hearing. See 730 ILCS 5/5-4-1(a)(1)-(2), (4), (5)-(7) (West 2022). The court simply reimposed defendant's original sentence without exercising its discretion to determine an appropriate sentence for defendant. See *Irby*, 237 Ill. App. 3d at 70. Because the court did not fulfill the requirements enumerated in section 5-4-1(a) of the Code, the court disobeyed the appellate court's mandate to hold "a new sentencing hearing." See *People v. Mitchell*, 2014 IL App (1st) 120080, ¶ 16.

¶ 39    The State, however, argues that the trial court was not required to follow the appellate court's mandate because of the supreme court's decision in *Jones*, 2021 IL 126432. The State cites our decision in *People v. Barner*, 2024 IL App (4th) 231223-U, in support of its argument. We disagree with the State.

¶ 40    On remand, the trial court had no power to ignore or deviate from the mandate's clear and unambiguous directions to hold "a new sentencing hearing." See *Brown*, 2022 IL 127201, ¶ 22; *Schreier*, 92 Ill. 2d at 276; *Murray*, 2023 IL App (4th) 220330, ¶ 10. Even though the law changed after the appellate court issued its mandate, the trial court had no authority to review—

much less reverse—the appellate court's mandate. *Murray*, 2023 IL App (4th) 220330, ¶ 12. The trial court had to enforce the mandate as written. See *Brown*, 2022 IL 127201, ¶¶ 25, 28; *Murray*, 2023 IL App (4th) 220330, ¶ 12.

¶ 41 Our decision in *Barner* does not compel a different result. In *Barner*, we ruled that the Third District's mandate remanding the case for an inquiry pursuant to *People v. Krankel*, 102 Ill. 2d 181 (1984), on "two claims" of ineffective assistance "did not preclude the trial court from considering additional, previously unaddressed claims at the *Krankel* inquiry." *Barner*, 2024 IL App (4th) 231223-U, ¶¶ 12, 14. Our decision in *Barner* did not change or alter the longstanding rule that a trial court must obey the clear and unambiguous mandate issued by a reviewing court. See *Barner*, 2024 IL App (4th) 231223-U, ¶ 13 (quoting *People v. Brown*, 2022 IL 127201, ¶ 21). Instead, *Barner* stands for the proposition that on remand a trial court may consider new issues raised by a party as long as they do not contradict the directions contained in the appellate court's mandate. See *Barner*, 2024 IL App (4th) 231223-U, ¶ 15.

¶ 42 Unlike the defendant in *Barner*, who sought to raise in the trial court additional issues not explicitly precluded by the appellate court's mandate, the State in this case asked the court to ignore the appellate court's mandate. In its motion, the State asserted that the court need not hold a sentencing hearing, as the mandate required, but, instead, should reimpose defendant's original sentence in light of *Jones*. By accepting the State's argument and reimposing defendant's sentence without holding a sentencing hearing, the trial court failed to obey the mandate of the appellate court. See *Mitchell*, 2014 IL App (1st) 120080, ¶ 16; *People v. Stephens*, 2012 IL App (1st) 110296, ¶ 123.

¶ 43 The trial court's actions on remand were improper because the court had "no discretion to do anything other than sentence defendant in conformity with the *** mandate."

*Murray*, 2023 IL App (4th) 220330, ¶ 12. The court had no authority to entertain the State's motion or take any action other than what the mandate directed. See *Brown*, 2022 IL 127201, ¶ 29. Because the trial court did not obey the State's mandate to hold a new sentencing hearing, the sentence the court imposed cannot stand. See *Brown*, 2022 IL 127201, ¶ 31.

¶ 44 We, therefore, vacate defendant's sentence and remand the cause to the trial court for resentencing. On remand, the trial court shall hold a resentencing hearing that complies with sections 5-5-3(d) and 5-4-1 of the Code (730 ILCS 5/5-4-1(a), 5-5-3(d) (West 2022)). See *Mitchell*, 2014 IL App (1st) 120080, ¶ 17. At the hearing, the court shall exercise its discretion in accordance with the Code to fashion an appropriate sentence for defendant.

¶ 45                                    III. CONCLUSION

¶ 46 For the reasons set forth above, we vacate the trial court's sentence and remand to the trial court to hold a resentencing hearing.

¶ 47 Sentence vacated; remanded with directions.